IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER WHITE,            ) | | |
|     ID # 1556136,                            ) | | |
|         Petitioner,                        ) | | |
| vs.                                                    ) | | No. 3:11-CV-0911-K (BH) |
|                                                         ) | | |
| RICK THALER, Director,             ) | | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal   ) | | |
| Justice, Correctional Institutions Division,  ) | | |
|         Respondent.                   ) | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order 3-251, this case has been referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the habeas corpus petition should be **DENIED** with prejudice.

**I. BACKGROUND**

On May 2, 2011, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction for aggravated assault with a deadly weapon in cause F07-59690-UP. Respondent is Rick Thaler, Director of TDCJ-CID.

**A. Factual History**

On January 29, 2008, the State indicted petitioner for aggravated assault with a deadly weapon on or about November 29, 2007. (Clerk's Record ("C.R."):2-3). He pleaded not guilty and was tried before a jury on January 20-26, 2009. (C.R.:4-5). The state appellate court recounted the evidence presented at trial as follows:

> The complainant testified she dated White steadily for about two months in the fall of 2007, but broke up with him a few weeks before the assault because he wanted an "open relationship," which she disagreed with. Two days before the incident, White went to the complainant's apartment and talked with her. She felt threatened by him, and he pushed her as she walked to the office to call 911. The

next day, however, White brought her a television set and she said they were on good terms that day. Early the next morning, she heard a noise at the door, looked through the peephole and saw White. He kicked in the door to her apartment and began hitting her in the face with his fists. She struggled with him, but was knocked unconscious. She awoke in the hospital in pain and with severe injuries to her eyes, jaw, mouth, lips, nose, and head. The complainant received over sixty letters from White after the incident; over White's objection, she read excerpts from the letters into evidence.

Dr. Laura Petrey, a trauma surgeon, testified that the complaint [sic] arrived with significant facial trauma, lacerations, and loss of blood. The complainant suffered subdural and subarachnoid brain hemorrhages that, if untreated, were capable of causing her death. In Petrey's opinion these injuries constituted serious bodily injury. In addition, the complainant suffered fractures to both eye sockets, swelling around the eyes, and fractures to the sinus cavity, nasal bone, and cheekbone. The bones in her lower back were also broken and she had fluid in her pelvis. Petrey testified the injuries could have been caused by a person's hand or fist.

Dallas Police Officer Tommy Ames testified he saw White jump from the balcony of the apartment and arrested him after a brief chase. White had blood on his hands. Ames testified that hands or fists could be used as a deadly weapon and were capable of causing serious bodily injury.

After the close of the evidence, White requested a jury instruction on second degree aggravated assault as a lesser-included offense of first degree aggravated assault. The trial court denied the request and White objected to the omission from the charge.

*White v. State*, 2010 WL 2951748, No. 05-09-00112-CR, slip op. at *1 (Tex. App.–Dallas, July 29, 2010, pet. ref'd). The jury found petitioner guilty, and after he pled true to one enhancement, sentenced him to twenty years. (C.R.:5, 92).

**B. Procedural History**

On direct appeal, petitioner alleged that the trial court erred in refusing to instruct the jury on the lesser-included offense of second degree aggravated assault and that the trial court erred in

2

allowing into evidence letters he wrote to the complainant after the assault. Petitioner's conviction was affirmed on direct appeal, and his petition for discretionary review was refused on January 26, 2011. *See* PD-1281-10. Petitioner did not file a state habeas application.

On May 2, 2011, petitioner filed a petition for federal habeas relief asserting the same grounds as he raised in his direct appeal. Respondent filed a response on July 18, 2011, and provided the state court records. No reply brief was filed.

## II.  APPLICABLE LAW

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed his petition after its effective date, the Act applies.

Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions. Under 28 U.S.C. § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term of art that refers to whether a court's disposition of the case was substantive, as opposed to procedural." *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000). In this case, the denial of petitioner's

3

PDR constitutes an adjudication on the merits of the claims fairly presented to the Texas Court of Criminal Appeals.[1]

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact. *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). A decision is contrary to clearly established federal law within the meaning of § 2254(d)(1) "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). As for the "unreasonable application" standard, a writ must issue "if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413; *accord Penry v. Johnson*, 532 U.S. 782, 792 (2001). Likewise, a state court unreasonably applies Supreme Court precedent if it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." 529 U.S. at 407. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409; *accord Penry*, 532 U.S. at 793.

Section 2254(d)(2) concerns questions of fact. *Moore v. Johnson*, 225 F.3d 495, 501 (5th Cir. 2000). Under § 2254(d)(2), federal courts "give deference to the state court's findings unless

---

[1] To exhaust state court remedies in accordance with § 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In Texas, a prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review (PDR) or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432. Because petitioner presented his claims to the Court of Criminal Appeals in his PDR, he has exhausted his state court remedies, notwithstanding his failure to file a state habeas application.

they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### III. LESSER INCLUDED OFFENSE

In his first ground, petitioner alleges that the trial court erred in refusing to instruct the jury on the lesser-included offense of second degree aggravated assault.

On direct appeal, the state appellate court held that the trial court had not erred in refusing to submit the requested instruction because the evidence at trial did not establish second degree aggravated assault as a valid and rational alternative to the charged offense of first degree aggravated assault. *White*, slip op. at *3. Trial court rulings are matters of state law which are not subject to re-examination by the federal courts. It is not "the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). If an erroneous trial court ruling does not violate a specific federal constitutional right, a federal court may only grant habeas relief on such error when the error "renders the petitioner's trial fundamentally unfair." *Gochicoa v. Johnson*, 118 F.3d 440, 446 (5th Cir. 1997).

The Fifth Circuit has repeatedly held that, in a non-capital murder case, the failure to give a jury instruction on a lesser-included offense does not raise a federal constitutional issue. *Creel v. Johnson*, 162 F.3d 385, 390 (5th Cir. 1998); *Valles v. Lynaugh*, 835 F.2d 126, 127 (5th Cir. 1988),

5

*citing Alexander v. McCotter*, 775 F.2d 595, 600-01 (5th Cir. 1985).  Therefore, petitioner is not entitled to relief on this ground, and it should be denied.

### IV.  LETTERS SENT TO COMPLAINANT

In his second ground, petitioner asserts that the trial court erred in admitting the letters he sent to the complainant after the assault into evidence at the guilt phase of the trial.

During a hearing outside the presence of the jury, the prosecution offered the letters petitioner sent the complainant after his arrest when he was in jail awaiting trial as statements against interest. (R. 3:48).  Comments in the letters regarding prior offenses committed by petitioner were redacted.  *Id*.  Defense counsel objected to the admission of the letters, but the trial court overruled the objection, finding the letters to be relevant to the offense and the probative value of the letters not substantially outweighed by the danger of unfair prejudice.  (R. 3:49-50).  The complainant then read portions of several letters in which petitioner apologized to her, offered to pay her medical bills if she signed an affidavit of non-prosecution, minimized his behavior, and threatened her if she testified against him. (R. 3:53-63).

Under Texas state law, relevant evidence may be excluded if the probative value of the evidence is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence."  TEX. R. EVID. 403.  On direct appeal, the state appellate court held that the trial court could have reasonably concluded that the probative value of the letters was not substantially outweighed by the other factors set out in Rule 403 and therefore did not abuse its discretion in admitting the letters into evidence.  *White*, slip op. at *3.

6

As noted, federal habeas proceedings do not afford review of a state court's interpretation of its own law. *Creel*, 162 F.3d at 395; *Weeks v. Scott*, 55 F.3d 1059, 1063 (5th Cir. 1995). A petitioner is entitled to federal habeas relief due to trial error only if such error is not harmless within the meaning of *Brecht v. Abrahamson*, *i.e.*, "the error 'had substantial and injurious effect or influence in determining the . . . verdict.'" 507 U.S. 619, 637-38 (citation omitted).

> [U]nder *Brecht*, a constitutional trial error is not so harmful as to entitle a defendant to habeas relief unless there is more than a mere reasonable possibility that it contributed to the verdict. It must have had a substantial effect or influence in determining the verdict. We recognize, however, that if our minds are "in virtual equipoise as to the harmlessness," under the *Brecht* standard, of the error, then we must conclude that it was harmful.

*Mayabb v. Johnson*, 168 F.3d 863, 868 (5th Cir. 1999) (quoting *Woods v. Johnson*, 75 F.3d 1017, 1026-27 (5th Cir. 1996)). To be entitled to federal habeas relief due to a trial error, petitioner must show that the error actually prejudiced him. *Brecht*, 507 U.S. at 637.

Petitioner has not shown trial error, much less any prejudice from an error. The letters he sent the complainant included admissions that he assaulted her. (R. 3:53-63). Any references to his prior convictions were omitted. (R. 3:48). Petitioner has not shown that the trial court violated state evidentiary rules or that the probative value of the letters was substantially outweighed by the danger of unfair prejudice. Even assuming admission of the letters was erroneous, petitioner has not shown prejudice. The complainant testified about the assault, and a police officer who responded testified that petitioner ran from the complainant's complex, was apprehended nearby while hiding in some bushes, and had blood on his hands. (R. 3:105-10). Furthermore, petitioner has not shown that the letters had a prejudicial effect on the sentence he received. The sentence range for a first degree aggravated assault enhanced with one prior conviction is fifteen years to ninety-nine years or life

7

imprisonment. (C.R.:88). Petitioner was sentenced to twenty years. (C.R.:91). He is not entitled to relief on this ground, and it should be denied.

## V.  EVIDENTIARY HEARING

Upon review of the pleadings filed herein and the proceedings held in state court as reflected in the state-court records, an evidentiary hearing appears unnecessary.

## VI.  RECOMMENDATION

The request for habeas corpus relief pursuant to 28 U.S.C. § 2254 should be **DENIED** with prejudice.

**SIGNED on this 15th day of September, 2011.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE